IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DYNZA MACKEY, | ) |
|                *Petitioner*, | ) Case No. 3:25-cv-00060 |
| v. | ) Magistrate Judge Kezia O. L. Taylor |
| WARDEN LEONARD ODDO, *et al.*, | ) |
|                *Respondents*. | ) |

**MEMORANDUM OPINION**

Petitioner Dynza Mackey ("Petitioner") has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued immigration detention by the Department of Homeland Security, Immigration and Customs Enforcement. ECF No. 4. On May 23, 2025, Respondents notified the Court that Petitioner was removed from the United States on May 20, 2025. ECF No. 14. In light of the recent action taken by immigration officials in removing Petitioner from the United States, his petition will be dismissed as moot.

Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. Art. III, § 2; *see Chong v. District Dir., I.N.S.*, 264 F.3d 378, 383 (3d Cir. 2001) ("[T]he exercise of judicial power depends upon the existence of a case or controversy."). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). *See also Steffel v. Thompson*, 415 U.S. 452,

459 (1974) (the adjudicatory power of a federal court depends upon "the *continuing* existence of a live and actual controversy") (emphasis in original). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A court's ability to grant effective relief lies at the heart of the mootness doctrine. *County of Morris v. Nationalist Mvmt.*, 273 F.3d 527, 533 (3d Cir. 2001); *see also In re Material Witness Warrant Nichols*, 77 F.3d 1277, 1279 (10th Cir. 1996) (noting that mootness means that it would be impossible to grant the petitioner any meaningful relief on his claims). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

In the context of federal habeas corpus petitions brought by immigration detainees challenging their detention, the deportation or removal of the petitioner renders the action moot. *See e.g.*, *Lindaastuty v. Attorney General*, 186 F. App'x 294, 298 (3d Cir. 2006). Since Petitioner is no longer in immigration detention, his petition wherein he seeks release from immigration detention is now moot.[1] An appropriate Order follows.

---

[1] To the extent Petitioner is seeking any other form of relief in his Petition, the Court notes that the federal habeas corpus statute, 28 U.S.C. § 2241, grants federal courts the authority to decide

## ORDER

AND NOW, this 29th day of May, 2025, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus, ECF No. 4, is DISMISSED as moot. Plaintiff's Motion to Convert to Motion to Review, ECF No. 11, is also DISMISSED as moot. The Clerk of Court is directed to mark this case CLOSED.

Stephanie L. Haines
United States District Judge

Cc:  Dynza Mackey
A027723646
Pike County Correctional Facility
175 Pike County Blvd.
Lords Valley, PA  18429

Counsel for Respondents
(Via CM/ECF electronic mail)

---

whether an alien's detention is, or is not, pursuant to statutory and constitutional authority. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). This Court does not have jurisdiction over challenges to the commencement of removal proceedings, adjudication of removal cases or execution of an alien's removal order. *See* 8 U.S.C. § 1252(g); *see also Tazu v. Att'y Gen.*, 975 F.3d 292, 296 (3d Cir. 2020). Therefore, to the extent he is making one, this Court cannot review Petitioner's challenge to his removal order.